**RICKEY IVIE, ESQ. (SBN 76864)**
*rivie@imwlaw.com*
**ANTONIO KIZZIE, ESQ. (SBN 279719)**
*akizzie@imwlaw.com*
**JACK ALTURA, ESQ. (SBN 297314)**
*jaltura@imwlaw.com*
**IVIE McNEILL WYATT**
**PURCELL & DIGGS**
**A Professional law Corporation**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Attorneys for Defendants
**COUNTY OF LOS ANGELES, et.al.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELLE WEAR, | CASE NO.: 8:20-cv-00459- JVS-DFM |
| Plaintiff, | **DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTONIO KIZZIE IN SUPPORT THEREOF** |
| vs. | |
| COUNTY OF LOS ANGELES, a public entity, and DOES 1 through 10, | |
| Defendants. | **Hearing Date:     June 15, 2020**<br>**Time:                  1:30 p.m.**<br>**Courtroom:       10C** |
| | [Proposed order filed concurrently] |
| | **Complaint Filed: March 6, 2020** |

**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **Monday, June 15, 2020** at 1:30 p.m., before the Honorable Judge James V. Selna in **Courtroom 10C** in the United States District Court for the Central District of California located at 411 West 4th Street, Santa Ana, CA 92701, Defendant County of Los Angeles ("County" or "Defendant") will and hereby does move this Court to dismiss Plaintiff **DONNELLE WEAR**'s (hereinafter "PLAINTIFF") Complaint for Damages ("Complaint") in its entirety or, in the alternative, Plaintiff's First and/or Second cause of action.

The instant motion is made on the following grounds:

1.     Plaintiff fails to state facts sufficient to allege a first cause of action for substantive due process violation/deprivation of familial relations (42 U.S.C. § 1983) because there are no facts sufficient to allege that Defendant Los Angeles County Sheriff's Department acted in a manner sufficient to "shock the conscience," and the use of force was objectively reasonable/*de minimus* and reasonable suspicion existed for use of the minimal force by Defendant Los Angeles County Sheriff's Department deputies to assist U.S. Post Office Police Officers to handcuff Decedent to detain or potentially arrest him.

2.     Plaintiff fails to state facts sufficient to allege a second cause of action for *Monell*/municipal liability-policy, practice, custom (42 U.S.C. § 1983) because Plaintiff fails to state sufficient facts of the content or specific nature of the County's allegedly inadequate trainings, customs or policies that allegedly caused Plaintiff's constitutional violations. Plaintiff also fails to state facts sufficient to allege that the County's inadequate training, customs or policies were the "moving force" behind *the specific Defendants' act*s that caused Plaintiff's constitutional violations.

DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES

## <u>CONFERENCE OF COUNSEL</u>

This motion is made following the meet and confer conferences of counsel pursuant to L.R. 7-3 which took place telephonically on May 7, 2020 due to the distance between counsel's offices and COVID-19 pandemic. Plaintiff declined to voluntarily amend the Complaint during meet and confer efforts. Plaintiff will oppose this motion.

Dated: May 14, 2020

**IVIE McNEILL WYATT PURCELL & DIGGS**

By:      */s/ Antonio K. Kizzie*

**RICKEY IVIE**
**ANTONIO K. KIZZIE**
**JACK F. ALTURA**
Attorneys for Defendants,
**COUNTY OF LOS ANGELES, et. al.**

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................2

I.     INTRODUCTION ...............................................................................2

II.    CONFERENCE OF COUNSEL .......................................................4

III.   STANDARD FOR A 12(b)(6) MOTION TO DISMISS ............................4

IV.    ARGUMENT ......................................................................................5

  A.   STATEMENT OF RELEVANT FACTUAL ALLEGATIONS .................6

  B.   PLAINTIFF'S FIRST CAUSE OF ACTION FAILS BECAUSE
       REASONABLE SUSPICION/PROBABLE CAUSE EXISTED TO
       DETAIN/ARREST PLAINTIFF AND THE FORCE DEFENDANT
       DEPUTIES USED WAS OBJECTIVELY REASONABLE AND *DE
       MINIMUS* UNDER THE TOTALITY OF THE CIRCUMSTANCES ..............7

    1.  STANDARD FOR SUBSTANTIVE DUE PROCESS
        VIOLATION/DEPRIVATION OF FAMILIAL RELATIONS.........................7

    2.  ANALYSIS ...................................................................................8

  C.   PLAINTIFF'S SECOND CLAIM FOR *MONELL* LIABILITY MUST BE
       DISMISSED ....................................................................................11

    1.  PLAINTIFF'S SECOND CLAIM FOR *MONELL* LIABILITY FAILS TO
        STATE SUFFICIENT FACTS DESCRIBING THE UNCONSTITUTIONAL
        CONTENT OR SPECIFIC NATURE OF DEFENDANT COUNTY'S
        POLICIES/TRAININGS ....................................................................11

    2.  PLAINTIFF'S *MONELL* CLAIM FAILS TO STATE FACTS
        SUFFICIENT TO ALLEGE THE COUNTY'S POLICIES WERE THE
        MOVING FORCE BEHIND HIS CONSTITUTIONAL DEPRIVATION.......17

V.     CONCLUSION ................................................................................19

  DECLARATION OF ANTONIO K. KIZZIE ......................................................20

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.E. ex rel. Hernandez v. County of Tulare*
666 F.3d 631, 636 (9th Cir. 2012) .....................................................4, 11

Ashcroft v. Iqbal
556 U.S. 662, 678-682, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........... 4, 11, 15

*Atlantic Corp. v. Twombly*
550 U.S. 544, 555-557, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007) ........................4

*Atwater v. City of Lago Vista*
532 U.S. 318, 354 (2001).................................................................8

*Bagley v. City of Sunnyvale*
No. 16-CV-02250-LHK, 2017 WL 344998, at *1 (N.D. Cal. Jan. 24, 2017) .........17

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696, 699 (9th Cir. 1991) .......................................................4

*Cain v. City of Sacramento*
No. 2:17-CV-00848-JAM-DB, 2017 WL 4410116, at *1
(E.D. Cal. Oct. 4, 2017) ...............................................................12

*Camuglia v. City of Albuquerque*
448 F.3d 1214, 1222 (10th Cir. 2006) ...................................................7

*Canas v. City of Sunnyvale*
No. C 08-5771 JF PSG, 2011 WL 1743910 (N.D. Cal. Jan. 19, 2011)...................14

*Cannon v. City of Petaluma*
2012 WL 1183732, *9 (N.D. Cal. 2012) ...............................................10

*Cnty. of Sacramento v. Lewis*
523 U.S. 833, 847 n.8 (1998)................................................. 7, 9, 10, 12

Page ii

---

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES**

*Dallas County v. Commercial Union Assurance Co.*
286 F.2d 38, 391-92 (5th Cir. 1961) ...............................................................14

*Dougherty v. City of Covina*
654 F.3d 892, 900 (9th Cir. 2011) ................................................. 16, 17, 18

*Eisentstadt v. Centel Corp.*
113 F.3d 738, 742 (7th Cir. 1997) ...............................................................14

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*
436 F.Supp. 2d 1095, 1098 (2006) ..............................................................4

*FDIC v. Henderson*
940 F.2d 465, 474 (9th Cir. 1991) ...........................................................7, 9

*Hana Fin., Inc. v. Hana Bank*
500 F.Supp. 2d 1228, 1232 (C.D. Cal. 2007) ...........................................4

*Harper v. City of L.A.*
533 F.3d 1010, 1026 (9th Cir. 2008) .........................................................11

*Horta v. Sullivan*
4 F.3d 2, 8 (1st Cir. 1993) ...........................................................................14

*Inman v. Anderson*
294 F.Supp.3d 907, 920 (N.D. Cal. 2018) ................................................11

*Larez v. City of Los Angeles*
946 F.2d 630, 642-43 (1991) .......................................................................13

*Lee v. City of Los Angeles*
250 F.3d 668, 681–82 (9th Cir. 2001) .......................................................10

*Lumbreras v. Roberts*
319 F. Supp. 2d 1191, 1211 (D. Or. 2004) ................................................7

*Mateos-Sandoval v. County of Sonoma*
942 F. Supp. 2d 890, 900 (N.D. Cal. 2013) .............................. 11, 15, 16

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Mendy v. City of Fremont*
No. C-13-4180 MMC, 2014 WL 574599 (N.D. Cal. Feb. 12, 2014) ......... 14, 15, 18

*Monell v. Dep't of Soc. Servs.*
436 U.S. 658, 691, 98 S.Ct. 2018,
56 L.Ed.2d 611 (1978) .................................... 3, 4, 10, 11, 12, 13, 14, 15, 16, 17, 18

*Moore v. Guthrie*
438 F.3d 1036, 1040 (10th Cir. 2006) ..................................................7

*Motley v. Parks*
383 F.3d 1058, 1068 (9th Cir. 2004) ...................................................8

*Mullins v. Oregon*
57 F.3d 789, 793 (9th Cir. 1995) ....................................................7, 9

*Pagan v. Calderon*
448 F.3d 16, 32 (1st Cir. 2006 .........................................................7

*Robinson v. Solano County*
278 F.3d 1007, 1013 (9th Cir.2002) ...................................................9

*Saunders v. Knight*
2007 WL 3482047, *16 (E.D. Cal. 2007)...............................................10

*Schiff v. City and County of San Francisco*
816 F. Supp. 2d 798, 810 (N.D. Ca. 2011) ............................................18

*Shaw v. City of Redondo Beach*
2005 WL 6117549, at * 7 (CD. Cal. 2005)..............................................10

*Starr v. Baca*
652 F.3d 1202, 1216 (9th Cir. 2011) ...................................... 4, 11, 12, 13

*Trevino v. Gates*
99 F.3d 911, 918 (9th Cir. 1996) ............................................ 11, 14, 15

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES**

*United States v. Bautista*
684 F.2d 1286, 1289 (9th Cir. 1982) ........................................................10

*United States v. Purry*
545 F.2d 217, 219-20 (D.C. Cir. 1976) ...................................................10

*United States v. Thompson*
597 F.2d 187, 190 (9th Cir. 1979) ...........................................................10

*Vasquez v. County of Los Angeles*
487 F.3d 1246, 1258 (9th Cir. 2007) .........................................................4

## **STATUTES**

42 U.S.C. § 1983 .................................................................. 3, 7, 10, 11

Cal. Civ. Code § 52.1 ........................................................................5

Fed. R. Civ. P. 12(b) (6) .............................................. 4, 5, 11, 17, 18

Penal Code § 148 .............................................................................9

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case arises out of an incident that occurred on December 7, 2018 at the United State Post Office located at 7101 South Central Ave. in Los Angeles, CA. The incident involved Mr. Joseph Alan Wear ("Mr. Wear" "Decedent"), United States Post Office police officers ("U.S. Post Office Officers"), Los Angeles Police Department Officers ("LAPD") and Los Angeles County Sheriff's Department deputies ("Defendants"), who were all summoned due to Mr. Wear's undisputed erratic and aggressive behavior with members of the public. Defendants' only alleged involvement was physically assisting U.S. Post Office Officers to handcuff/restrain Mr. Wear after they witnessed Mr. Wear struggling with the U.S. Post Office Officers as they drove by.

During or immediately after the handcuffing, Mr. Wear became unresponsive, at which point Defendants engaged in life-saving measures, including CPR and mouth to mouth resuscitation, until Los Angeles County Fire Department paramedics arrived and transported Mr. Wear to Harbor UCLA Hospital, where he later died. On December 17, 2018, Los Angeles County Coroner Department Deputy Medical Examiner Matthew D. Miller, MD determined that Mr. Wear died of "methamphetamine toxicity."[1] **Exhibit A.**

On or about December 17, 2019 in the related action, Plaintiff I.C.W., Decedent's daughter, by and through her guardian ad litem, HEATHER

---

[1] On May 7, 2020, Defendant's counsel met and conferred with Plaintiff's counsel regarding the potential for FRCP Rule 11 sanctions liability should Plaintiff upon receipt of the autopsy decide to knowingly and falsely allege that Defendant caused Mr. Wear's death. In order to avoid such, this Court should, at a minimum, order Plaintiff or Plaintiff's counsel aside from this motion to state their valid, factual bases for alleging that Mr. Wear's death was caused by Defendants when the autopsy report clearly found Mr. Wear's death to be caused by methamphetamine toxicity.

---

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

BLANCHARD's (hereinafter "*I.C.W.*") filed a Complaint for Damages ("Complaint") in this United State's District Court alleging eleven (11) causes of action against Defendants "County of Los Angeles, and DOES 1 through 10, Inclusive." *See generally - I.C.W.* Case 8:19-cv-02438-JVS-DFM Dkt. 1 Complaint for Damages. In the *I.C.W.* matter, Defendants filed a Motion to Dismiss Plaintiff's Complaint for Damages, which the Court granted in full with thirty (30) days leave to amend. *See* generally - *I.C.W.* Case 8:19-cv-02438-JVS-DFM Dkt 21 and 22.

Similarly, the instant motion respectfully seeks to move this Court for an order dismissing all of Plaintiff's causes of action against Defendants COLA and DOES 1 through 10 because, even taking Plaintiff's *factual* allegations as true, reasonable suspicion existed for use of the minimal force by Defendant Los Angeles County Sheriff's Department deputies to assist U.S. Post Office Police Officers to handcuff Decedent to detain or potentially arrest him, and such was objectively reasonable or *de minimus* under the totality of the circumstances.

Further, there are no facts sufficient to allege that Defendant Los Angeles County Sheriff's Department deputies acted in an egregious manner sufficient to "shock the conscience" or with specific intent to violate Mr. Wear's rights. Further, Plaintiff fails to state facts sufficient to allege a second cause of action for *Monell*/municipal liability-policy, practice, custom (42 U.S.C. § 1983) because Plaintiff fails to state sufficient facts of the content or specific nature of the County's allegedly inadequate trainings, customs or policies that allegedly caused Plaintiff's constitutional violations. Plaintiff also fails to state facts sufficient to allege that the County's inadequate training, customs or policies were the "moving force" behind the specific Defendants' acts that caused Plaintiff's constitutional violations. Plaintiff simply reiterates sporadic past misconduct by uninvolved persons under different facts and circumstances and relies entirely on hearsay

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

newspaper or magazine articles.

Plaintiff declined to voluntarily amend the Complaint during meet and confer efforts.  For the foregoing reasons and although Defendant is aware that this Court generally disfavors motions to dismiss, Defendant respectfully requests that the Court consider and grant this motion in its entirety.

## II.    CONFERENCE OF COUNSEL

This motion is made following the meet and confer conferences of counsel pursuant to L.R. 7-3, which took place telephonically on May 7, 2020. **Exhibit B**- [Kizzie Decl. ¶ 5]. Plaintiff refused to amend the Complaint, and will oppose the instant motion. [Kizzie Decl. ¶ 5]

## III.   STANDARD FOR A 12(b)(6) MOTION TO DISMISS

A complaint shall be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b) (6).  A Rule 12(b)(6) motion challenges the sufficiency of the pleadings set forth in the complaint. *Hana Fin., Inc. v. Hana Bank*, 500 F.Supp. 2d 1228, 1232 (C.D. Cal. 2007).  In order to survive a motion to dismiss, a complaint must contain factual allegations that do more than invite mere speculation. *Id.*

While the Court must accept as true all material factual allegations, the Court does not accept "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations." *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F.Supp. 2d 1095, 1098 (2006). Mere "labels and conclusions" or "formulaic recitation(s) of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Id.* Conclusory allegations of law and unwarranted inferences will not save a complaint from an otherwise proper motion to dismiss. *Vasquez v. Los Angeles ("LA") County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Dismissal is proper where there is either "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

*Balistreri v. Pac. Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1991). Allegations must be sufficient to "give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court can dismiss claims without granting leave to amend if amending the complaint would be futile. *Vasquez v. Cnty. of Los Angeles*, 487 F.3d 1246, 1258 (9th Cir. 2007).

To survive a 12(b)(6) motion, a complaint's factual allegations (disregarding conclusory statements), must possess enough heft to raise a right to relief above the speculative level and show that under the law the plaintiff is entitled to relief. *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-682, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

These pleading standards apply to claims of municipal liability for Constitutional right violations under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). To be entitled to the presumption of truth, the complaint's *Monell* allegations may not simply recite the elements of the particular *Monell* theory, but must contain sufficient allegations of relevant underlying facts to give fair notice and to enable the municipality to defend itself effectively. Ibid. And the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the municipality to be subjected to the expense of discovery and continued litigation. *Ibid.*

## IV.  <u>ARGUMENT</u>

In sum, Plaintiff's allegations, even taken as true, show that the Defendant deputies had reasonable suspicion to detain and possibly arrest Mr. Wear. Further, the use of force to assist U.S. Postal Office Police Officers to handcuff Mr. Wear was objectively reasonable under the circumstances and *de minimus*.

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

## A.   STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

Here and relevant to the instant motion, Plaintiff alleges the following *facts* taken as true:

"On the afternoon of December 7, 2018, Decedent Joseph Alan Wear, entered the United States Post Office located at 7101 South Central Ave. in Los Angeles, CA." **Exhibit C**- Dkt. 1 Complaint ¶ 11.

"Plaintiff is informed and believes and thereon alleges that when DECEDENT entered the Post Office, he was carrying his skateboard and gave a postal clerk a taser and can of pepper spray.'" **Exhibit C**- Dkt. 1 Complaint ¶ 12.

"Then, DECEDENT said something to the effect of "Help, they're after me. I need help. Can I use the phone?" **Exhibit C**- Dkt. 1 Complaint ¶ 12.

"DECEDENT was apparently delusional and in an agitated state of mind." **Exhibit C**- Dkt. 1 Complaint ¶ 12.

"DECEDENT ran out of the Post Office and was followed by two U.S. Postal Service Inspectors/ Police Officers/ Security Officers." **Exhibit C**- Dkt. 1 Complaint ¶ 14.

"DECEDENT ran around the area near/ at the Post Office." **Exhibit C**- Dkt. 1 Complaint ¶ 15.

"DECEDENT then climbed up a tree and jumped down."  **Exhibit C**- Dkt. 1 Complaint ¶ 15.

"After jumping out of the tree, DECEDENT ran across the streets while engaging pedestrian traffic." **Exhibit C**- Dkt. 1 Complaint ¶ 15.

"DECEDENT was in obvious need of medical intervention and attention." **Exhibit C**- Dkt. 1 Complaint ¶ 16.

"One or more civilians and one or more Postal Service Inspectors/ Police Officers/ Security Officers were in the process of restraining DECEDENT, when a presently unidentified LASD deputy sheriff(s), DOES 1-10, inclusive, was/were

driving by the subject incident," **Exhibit C**- Dkt. 1 Complaint ¶ 17.

"On information and belief, LASD deputies, DOES 1-10, failed to exercise ordinary care when restraining DECEDENT, and used unreasonable and excessive force upon him, including lethal restraints that resulted in his death." **Exhibit C**- Dkt. 1 Complaint ¶ 18 [2]

"The actions of LASD deputy sheriffs, DOES 1-10, inclusive, caused DECEDENT to suffer and sustain a cardiac arrest, resulting in his death." **Exhibit C**- Dkt. 1 Complaint ¶ 19 [3]

**B.     PLAINTIFF'S FIRST CAUSE OF ACTION FAILS BECAUSE REASONABLE SUSPICION/PROBABLE CAUSE EXISTED TO DETAIN/ARREST PLAINTIFF AND THE FORCE DEFENDANT DEPUTIES USED WAS OBJECTIVELY REASONABLE AND *DE MINIMUS* UNDER THE TOTALITY OF THE CIRCUMSTANCES**

Plaintiff alleges a first cause of action for substantive due process violation/deprivation of familial relations (42 U.S.C. § 1983). *See generally* **Exhibit C**- Dkt. 1 Complaint for Damages.

**1.     STANDARD FOR SUBSTANTIVE DUE PROCESS VIOLATION/DEPRIVATION OF FAMILIAL RELATIONS**

To state a substantive due process claim, plaintiffs must allege ultimate facts establishing: (1) they were deprived of a fundamental liberty interest; and (2) defendants' actions were so "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare," and "*so*

---

[2] It should be noted that the only force Plaintiff alleges Defendant Sheriff's deputies used is vaguely assisting the U.S. Postal Officers to restrain Mr. Wear, obviously through the use of handcuffs as there is no such thing as "lethal restraints." The mere phrasing of handcuffs as "lethal restraints" should not impact the Court's analysis that the only specific force alleged is handcuffs.

[3] Paragraphs 18 and 19 are clearly legal and medical conclusions that the Court does not accept as true, but are simply added for context regarding Plaintiff's allegations.

Page 7

---

*egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.*" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *FDIC v. Henderson*, 940 F.2d 465, 474 (9th Cir. 1991); *Mullins v. Oregon*, 57 F.3d 789, 793 (9th Cir. 1995). (*Emphasis added*.)

Both prongs must be met. *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006. Accordingly, "[e]stablishing a substantive due process violation is difficult." *Lumbreras v. Roberts*, 319 F. Supp. 2d 1191, 1211 (D. Or. 2004). Moreover, "[i]t is well settled that negligence is not sufficient to shock the conscience," and that "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006) (quoting *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006)).

## 2. <u>ANALYSIS</u>

Here, the above-mentioned alleged facts of the Complaint, even taken as true, show that the Defendant Sheriff's deputies possessed reasonable suspicion to assist U.S Post Office Police Officers to detain Mr. Wear and were objectively reasonable to assist the U.S Post Office Police Officers to, at a minimum, handcuff Mr. Wear due to his erratic behavior.

Plaintiff's complaint concedes that Mr. Wear entered a U.S. Post Office, gave a postal clerk a taser and can of pepper spray, acted erratically running "across streets" and "engaging pedestrian traffic," was in "obvious need" of "medical intervention and attention," and that the Defendant Sheriff's deputies were "driving by" when they saw U.S. Postal Service Inspectors/ Post Office Police Officers "in the process of restraining plaintiff's decedent." See **Exhibit C**-Dkt. 1 Complaint ¶ 12-15.

Here, no reasonable officer would have merely kept driving by leaving the U.S. Postal Police Officers to fend for themselves against a struggling suspect. The

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

Supreme Court has held "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense..., he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The right to employ "some degree of physical coercion or threat thereof" to effect an arrest accompanies the right to make the arrest or investigatory stop. *Graham*, 490 U.S. at 396 (1989).

Here and even taking Plaintiff's allegations at true, the Defendant Sheriff's deputies, at a minimum, had reasonable suspicion to detain Mr. Wear and the lawful duty to use force to effectuate such based on "a particularized and objective basis for suspecting the particular person stopped of criminal activity," specifically seeing U.S. Post Office Police "in the process of restraining" Mr. Wear, which could constitute Cal. Penal Code § 647 (disorderly) based on Mr. Wear's prior conduct and/or a violation of Cal. Penal Code § 69 or 148 (resist, obstruct, delay a police officer), not including any other information about a potential crime the officers tell the deputies. *See* **Exhibit C**- Dkt. 1 Complaint ¶ 10-15.

"Reasonable suspicion requires only "a minimal level of objective justification." *Illinois*, 528 U.S. at 123 (2000) Further, it is well-established that, ("...[A] police officer is entitled to rely on information obtained from fellow law enforcement officers..." *Motley v. Parks* 383 F.3d 1058, 1068 (9th Cir. 2004). It thus follows that the deputies had the right and lawful privilege to use reasonable force, in this case minimal force, to assist with the detention.

Regarding Plaintiff's first cause of action for substantive due process violation/deprivation of familial relations, Plaintiff's allegations fail because even taking Plaintiff's allegations as true, the force used by the deputies of assisting the U.S. Post Office Police "in the process of restraining" to handcuff Mr. Wear was *de minimus* and objectively reasonable under the circumstances. There are no specific facts alleged that are "*so egregious, so outrageous, that it may fairly be*

Page 9

1   *said to shock the contemporary conscience.*" *Cnty. of Sacramento*, 523 U.S. at 847

2   n.8 (1998); *FDIC*, 940 F.2d at 474 (9th Cir. 1991); *Mullins,* 57 F.3d at 793 (9th

3   Cir. 1995). (*Emphasis added.*) *See* **Exhibit C**- Dkt. 1 Complaint ¶ 10-15.

4        As to the Defendant Sheriff's deputies, the only force Plaintiff alleges is that

5   the deputies assisted U.S. Post Office Police whom were already "in the process of

6   restraining" to handcuff Mr. Wear. [4] There are no allegations that the deputies

7   punched, kicked, tasered, pepper-sprayed, shot, etc. Mr. Wear. *See* **Exhibit C**- Dkt.

8   1 Complaint ¶ 10-15.

9        Further, there is no such thing as "lethal restraints," and the mere use of that

10  term or allegation that handcuffs caused "cardiac arrest" are mere

11  conclusions/speculation and not a factual allegations sufficient to state a claim.

12       Indeed, the Ninth Circuit has long recognized that "[h]andcuff application is

13  common," police may use handcuffs in the course of an investigation and the mere

14  act of placing an arrested suspect in handcuffs is not inherently unreasonable and

15  does not in and of itself constitute excessive force. *Saunders v. Knight*, 2007 WL

16  3482047, *16 (E.D. Cal. 2007); *Cannon v. City of Petaluma*, 2012 WL 1183732,

17  *9 (N.D. Cal. 2012) (citing *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th

18  Cir.2002)); *United States v. Bautista*, 684 F.2d 1286, 1289 (9th Cir. 1982), citing

19  *United States v. Thompson*, 597 F.2d 187, 190 (9th Cir. 1979), and *United States v.*

20  *Purry*, 545 F.2d 217, 219-20 (D.C. Cir. 1976)).

21       The mere handcuffing of an individual does not, in and of itself, violate the

22  individual's constitutional rights.  Rather, liability under 42 U.S.C. § 1983 for

23  excessive force based upon handcuffing lies only where various other factors are

24  present, such as the individual being either in visible pain, complained of pain,

25  alerted the officer to pre-existing injuries, asked to have the handcuffs loosened or

26

27  ---
[4] To the extent Plaintiff argues Defendant deputies used additional force besides
28  mere assistance with handcuffing, Plaintiff does not allege such in the Complaint.

Page 10

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FOR DAMAGES**

released, "and/or alleged other forms of abusive conduct in conjunction with the tight handcuffing." *Shaw v. City of Redondo Beach*, 2005 WL 6117549, at * 7 (CD. Cal. 2005). There are no such allegations here. Accordingly, Defendant Sheriff's deputies share no liability for excessive force, battery, assault, negligence, or wrongful death as a matter of law.

Further, the factual allegations of the deputies mere assistance with handcuffing fall far below the standard to "shock the conscious" required to state a substantive due process violation/deprivation of familial relations (42 U.S.C. § 1983) claim. *Cnty. of Sacramento*, 523 U.S. at 847 n.8 (1998).

## C.    PLAINTIFF'S SECOND CLAIM FOR *MONELL* LIABILITY MUST BE DISMISSED

### 1.    PLAINTIFF'S SECOND CLAIM FOR *MONELL* LIABILITY FAILS TO STATE SUFFICIENT FACTS DESCRIBING THE UNCONSTITUTIONAL CONTENT OR SPECIFIC NATURE OF DEFENDANT COUNTY'S POLICIES/TRAININGS

Defendant respectfully requests that the Court dismiss Plaintiff's fourth and fifth claims for *Monell* liability against Defendant COLA pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

To establish Section 1983 *Monell* liability, plaintiffs must have sufficiently alleged that: "(1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to their constitutional rights; and (3) that these policies are the moving force behind the constitutional violations." *Lee v. City of Los Angeles*, 250 F.3d 668, 681–82 (9th Cir. 2001).  A policy or custom is considered a "moving force" behind a constitutional violation if both causation-in-fact and proximate causation can be established.  *Inman v. Anderson*, 294 F.Supp.3d 907, 920 (N.D. Cal. 2018) (*citing Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008).

It is well-established under precedential and controlling authority that merely generically alleging inadequate or unconstitutional training, policies and procedures is simply insufficient to state a *Monell* claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's boilerplate *Monell* claim fails to satisfy the fact-pleading standard under *Starr* because it only contains legal conclusions, and does not contain sufficient facts of the content or specific nature of the County's policies that allegedly caused Plaintiff's constitutional violations.  Plaintiff has also failed to state facts sufficient to allege that Defendant COLA's policies were the "moving force" behind the alleged deprivations they suffered aside from mere conclusions.

A bare allegation that the deputies' conduct conformed to some unidentified government policy or custom does not satisfy the fact pleading standard under *Starr.  A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  Rather, Plaintiff's complaint must include factual allegations that plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.  *Id.*

The allegations should specify the content of the policies, trainings, customs, or practices which give rise to Plaintiff's constitutional injuries.  *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013).  "[M]erely stating the subject to which the policy relates (i.e. excessive force) is insufficient." *Cain v. City of Sacramento*, No. 2:17-CV-00848-JAM-DB, 2017 WL 4410116, at *1 (E.D. Cal. Oct. 4, 2017) (*citing A.E.*, 666 F.3d at 637).

In *A.E.*, plaintiff brought a *Monell* claim against the County of Tulare alleging that it maintained a policy which caused injury to A.E., a minor in the foster care system.  Plaintiff's *Monell* allegations were entirely conclusory in nature and lacked any factual basis that plausibly suggested an entitlement to relief. Plaintiff alleged that defendants performed all acts and omissions regarding A.E.'s

Page 12

foster care "under the ordinances, regulations, customs, and practices of Defendant County of Tulare." *Id.* at 636–37.

Like this case, the *A.E.* complaint also generally alleged that defendants "'maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs' that it elsewhere alleged [in the complaint]." *Id.* at 637 (citations omitted).  The complaint "did not put forth additional facts regarding the specific nature of this alleged 'policy, custom or practice,' other than to state that it related to 'the custody, care and protection of dependent minors.'" *Id.*  The court held that the language failed to meet the pleading standard under *Starr* and that the district court's motion to dismiss was properly granted.  *Id.*

Like in *A.E.*, Plaintiff in this case summarily alleges that Defendants have an "official policy, custom, or practice" of knowingly permitting the occurrence of the type of wrongs that they elsewhere alleged elsewhere in the complaint.  *Id.*

Here, Plaintiff uses the same vague and conclusory language that the *A.E.* court found insufficient under *Starr* to withstand a motion to dismiss as a matter of law.  For example, Plaintiff vaguely and generally concludes that Defendants COLA had various inadequate "training and supervision" but allege no facts, only conclusions, making it impossible to ascertain what specific policy, training, practice Plaintiff is talking about. *See* generally **Exhibit C**- Dkt. 1 Complaint ¶ 48-60. Plaintiff does not identify the actual content, existence or location of any such alleged unconstitutional policy, practice, or custom.

Indeed, in some instances Plaintiff's allegations are irrelevant/inapplicable. For example, Plaintiff alleges that past Los Angeles County Sheriff's deputies have engaged in "sexual misconduct," or "On April 19, 2018, Daniel Lollis was the victim of excessive force and unnecessarily arrested by LASD deputies during a traffic stop," "Jury found in favor of inmates that LASD deputies used excessive

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

force to remove the inmates from their cells," or "In January 2010, COUNTY agreed to pay a Plaintiff $900,000 to a prisoner who lost his foot due to LASD inadequate medical care," all of which have nothing to do with the instant case. *See* generally **Exhibit C**- Dkt. 1 Complaint ¶ 31-43.

Read collectively, Plaintiff's Monell allegations are mere conclusions, after conclusions, after reference to a completely unrelated sporadic incident via inadmissible newspaper or magazine hearsay with no context or declaration as to the substance of the article, followed by more conclusions, none of which are sufficient alone to allege *Monell* liability.

Merely alleging that bad actors employed by Defendant COLA have engaged in sporadic misconduct and such is tied to a pattern of bad-behavior by the individuals in this case is insufficient as any entity will no doubt have bad actors. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Further, newspaper articles have consistently been held to be inadmissible hearsay. *Larez v. City of Los Angeles*, 946 F.2d 630, 642-43 (1991) (holding that statements in newspaper articles are "erroneously admitted hearsay"); *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 38, 391-92 (5th Cir. 1961) (newspaper article is hearsay, and in almost all circumstances is inadmissible); *Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993) (newspaper article is inadmissible hearsay and cannot be used to prove the truth of the reported facts); *Eisentstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) (newspaper article was an "out-of court statement offered to prove the truth of its contents").

Plaintiff also deficiently alleges entirely fact-deficient and boilerplate allegations of conclusions that the County maintained a policy or custom of

Page 14

inadequately supervising, training, and disciplining sheriff's deputies, *See* **Exhibit C**- Dkt. 1 Complaint ¶ 23, 31-43, but fails to factually explain how any such policy, practice, or training regarding discipline, training, use of force, etc. was inadequate.  Plaintiff's other *Monell* allegations are similarly conclusory.  These allegations may give notice as to the general nature of the alleged policy, but provide insufficient facts to give notice as to the specific nature of the policy.  *See A.E.*, 666 F.3d at 637.

Merely alleging inadequate policies does not meet the pleading standards under *A.E.*  In *Mendy v. City of Fremont*, No. C-13-4180 MMC, 2014 WL 574599 (N.D. Cal. Feb. 12, 2014), plaintiffs alleged that the defendant city "failed to adequate[ly] train its officers in the proper use of force in the course of their employment as peace officers." *Id.* at *1 (internal quotation marks omitted).  The *A.E.* court held that this allegation "fail[ed] to identify, even minimally, how the City's training with respect to the use of force is deficient." *Id*; *accord Canas v. City of Sunnyvale*, No. C 08-5771 JF PSG, 2011 WL 1743910 (N.D. Cal. Jan. 19, 2011) (dismissing Plaintiff's *Monell* claim, holding that "Plaintiffs do not explain in detail how the [Defendant's] alleged policies or customs are deficient, nor do they explain how the alleged policies or customs caused harm to Plaintiffs and Decedent.").[5]  In the absence of such an allegation, the court could not determine if a plausible claim is made under *Monell* and dismissed the claim.  *Mendy*, 2014 WL 574599, at *1.

Plaintiff's *Monell* allegations in the case at bar are substantially similar to the allegations in *Mendy*.  Plaintiff's Complaint states forceful, boilerplate language and conclusions such as alleging excessive force, unlawful detention, inadequate discipline, etc.  **Exhibit C**- Dkt. 1 Complaint ¶ 23, 34, 36. These terms,

---

[5] Defendants do not argue that Plaintiff must specify the alleged policies in detail. Plaintiff must simply allege sufficient <u>facts</u>, not boilerplate conclusory allegations, as to the policies' content and specific nature.  *See A.E.*, 666 F.3d at 637.

---

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

however, are mere legal conclusions and not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's allegations are insufficient to give the County notice which policies are allegedly constitutionally deficient. The allegations give the County no information to search, identify, and analyze these unidentified policies to determine if, perhaps, they are in fact constitutionally deficient; and if so, encourage the County to seek settlement with Plaintiff, avoiding costly and time-consuming litigation. The allegations give the County no basis to defend the *Monell* allegations because it has no idea what specific policy it is defending.

In contrast to this case, in *Mateos-Sandoval*, the plaintiff alleged that county defendants routinely enforced a particular provision of the California Vehicle Code by "seizing and impounding vehicles on the basis that the driver does not have a current, valid California driver's license, including when the vehicle was not presenting a hazard or a threat to public safety [and] keeping the vehicle [even though] someone was available to pay the impound fee to date, usually for the 30 day period specified by [the provision] […]." 942 F. Supp. 2d at 899–900. The district court applying *A.E.* found that the plaintiff alleged sufficient facts to support a *Monell* claim. *Id.* at 900.

Plaintiffs in *Mateos-Sandoval* specified the content of the policies that gave rise to their constitutional injuries. *See Id.* at 899. The defendants in that case were thus able to investigate the claim, determine its truthfulness, mount a defense against it, or pursue settlement. These identifying facts are not present in Plaintiff's Complaint.

An allegation of excessive force or other constitutional violation is a legal conclusion, not a fact. It is the *facts* that support an inference of excessive force that are required to defeat a motion to dismiss; a bare allegation of excessive force

**DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES**

is not enough.  Alleging a policy of excessive force is similarly deficient.  A bare allegation of a policy of excessive force no more entitles Plaintiff to a presumption of truth as to their *Monell* claim than a bare allegation of excessive force would entitle a plaintiff to a presumption of truth as to an excessive force claim.  It is the facts that matter—not the label of excessive force.

**2. PLAINTIFF'S *MONELL* CLAIM FAILS TO STATE FACTS SUFFICIENT TO ALLEGE THE COUNTY'S POLICIES WERE THE MOVING FORCE BEHIND HIS CONSTITUTIONAL DEPRIVATION**

To show "moving force," Plaintiff must state *facts* sufficient to allege that the county's policies were the cause-in-fact and proximate cause of the injuries. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  To survive a Rule 12(b)(6) motion, it is insufficient for Plaintiff to merely allege that "Defendant [County's] policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case." *Id.*  Plaintiff must do more than allege "Defendant [County]'s polices and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby." *Id.*

In this case, Plaintiff fails to do just that.  Plaintiff fails to plead *facts* sufficient to suggest the County's allegedly deficient policies or trainings, even if they exist, caused their injuries because Plaintiff fails to plead any facts about those policies or trainings at all. For example, "New York City had an unconstitutional "Stop and Frisk" policy No. 1,2 and 3 for minorities, plaintiff (a minority) was stopped and frisked in New York City pursuant to such policy in absence of any other justification. Even if such turns out to be incorrect, the hypothetical Plaintiff stated *facts* sufficient to potentially draw a nexus.

As to the *Monell* claim, Plaintiff solely and in conclusory fashion merely states various unrelated conclusions about alleged unconstitutional customs and

Page 17

then alleges that "The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused DECEDENT and Plaintiff to be subjected to the unconstitutional acts of Defendant DOE Deputies on December 7, 2018." *See* **Exhibit C**- Dkt. 1 Complaint ¶ 42.

However, Plaintiff fails to state facts sufficient to connect that even if these vague alleged policies or practices exist ex. inadequate medical care in jails, how did they in any logical way become the "moving force" that caused Plaintiff's injuries on December 7, 2018? This is the same conclusory language, lacking in factual content that the *Dougherty* Court rejected as insufficient to survive a Rule 12(b)(6) motion.   *See Dougherty*, 654 F.3d at 900–901.   Plaintiff also makes several boilerplate allegations that, in sum, attempt conclude that sheriff's deputies were inadequately trained and supervised without describing the specific inadequate training at issue, how such was inadequate, and how such inadequate training was the "moving force" behind Plaintiff's injuries. *See* **Exhibit C**- Dkt. 1 Complaint ¶ 23.

While Plaintiff recites the causation element in their Complaint, "[they] provide[] no facts that indicate that any of the [Defendant's] actions were caused by the alleged customs, policies, or practices." *Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *1 (N.D. Cal. Jan. 24, 2017) (*citing Dougherty*, 654 F.3d at 900.)

Plaintiff has also failed to state facts sufficient to allege a constitutional violation "resulting from an employee acting pursuant to an expressly adopted official policy, or an employee acting pursuant to a long-standing practice […]." *Schiff v. City and County of San Francisco*, 816 F. Supp. 2d 798, 810 (N.D. Ca. 2011).   Beyond the bare allegation that Defendant COLA had either actual or constructive knowledge that deputies engaged in unconstitutional conduct and were deliberately indifferent, Plaintiff fails "to allege any facts to supporting a

finding that [Defendants COLA and Does 1–10] had knowledge of the alleged constitutional violations before the violations ceased." *Mendy*, 2014 WL 574599, at *4.

In addition to the reasons stated above, dismissing Plaintiff's *Monell* claim would also significantly reduce the costs of discovery and litigation trying to figure out what, specifically, Plaintiff is referring to, in addition to judicial time and resources for various discovery motions.

Unnecessarily conducting discovery and litigating an amorphous *Monell* claim with no clear facts and a "fishing expedition" would give the Court far more issues to rule on during discovery and at the summary judgment phase and trial. For the foregoing reasons, the County respectfully requests the Court properly dismiss Plaintiff's second claim for municipal liability, which Plaintiff refused to dismiss or even amend after meet and confer efforts.

## V.   **CONCLUSION**

For the foregoing reasons, Defendant COLA respectfully requests that this Court grant its motion to dismiss as requested herein, pursuant to Federal Rules of Civil Procedure 12b(6).


Dated:  May 14, 2020                           **IVIE McNEILL WYATT
                                                 PURCELL & DIGGS**

                                      By:    **/s/ Antonio K. Kizzie**
                                               **RICKEY IVIE, ESQ.
                                               ANTONIO KIZZIE, ESQ.
                                               JACK ALTURA, ESQ.
                                               Attorneys for Defendants,
                                               COUNTY OF LOS ANGELES, et al.**

## <u>DECLARATION OF ANTONIO K. KIZZIE</u>

**I, ANTONIO K. KIZZIE, declare and state as follows:**

1.      I am an attorney at law duly licensed and admitted to practice before all courts of the State of California, in the United States District Court for the Central, Northern, Eastern and Southern Districts of California, United States District Court of Colorado, the District of Columbia Court of Appeals, the United States District Court for the District of Columbia, and the United States Supreme Court.   I am a senior associate with the law firm of Ivie McNeill Wyatt Purcell and Diggs, APLC attorneys of record for Defendants COUNTY OF LOS ANGELES, et.al. in this case.   The foregoing facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.      This declaration is made in support of Defendant County of Los Angeles' Motion to Dismiss Plaintiff's Complaint for Damages.

3.      On December 17, 2018, Los Angeles County Coroner Department Deputy Medical Examiner Matthew D. Miller, MD determined that Mr. Wear died of "methamphetamine toxicity." A true and correct copy of the Los Angeles County Coroner Department Deputy Medical Examiner Matthew D. Miller, MD's autopsy report is attached hereto as **Exhibit A.**

4.      This motion is made following the meet and confer conferences of counsel pursuant to L.R. 7-3, which took place telephonically on May 7, 2020. A true and correct copy of correspondence confirming such is attached hereto as **Exhibit B**. Plaintiff refused to amend the Complaint, and will oppose the instant motion.

5.      A true and correct copy of Plaintiff's Complaint for Damages is attached hereto as **Exhibit C.**

I declare under penalty of perjury under the laws of the State of California

Page 20

---

that the foregoing is true and correct.  This Declaration was executed on May 14, 2020 in Los Angeles, California.

*/s/ Antonio K. Kizzie*
**ANTONIO K. KIZZIE,**
**Declarant**

Page 21